# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Anthony Dean Butler,

    Plaintiff,

v.

Equifax Information Services, LLC,
Experian Information Solutions, Inc., and
Carrington Mortgage Services, LLC,

    Defendants.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

2. Plaintiff, Anthony Dean Butler, is natural person who resides in DeKalb County, Georgia.

3. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Equifax information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia.

6. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

7. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau doing business in Georgia.

8. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant, Carrington Mortgage Services, LLC (hereinafter "Carrington") does business in Georgia.

10. Carrington regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

11. Carrington uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

12. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for any state law claims arises under 28 U.S.C. § 1367.

13. Venue is proper in this Court because a substantial part of the claims arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

14. On August 15, 2009, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 09-81363.

15. Defendant Carrington obtained the servicing rights to Plaintiff's mortgage subsequent to Plaintiff materially defaulting on the mortgage. Accordingly, Carrington is subject to the FCRA.

16. Plaintiff received a discharge of his debts by Order of the Bankruptcy Court, dated June 1, 2015.

17. Plaintiff's mortgage debt to Carrington was not among the debts discharged in Plaintiff's bankruptcy.

18. On or about July 16, 2015 Plaintiff obtained a copy of his consumer report as published by Equifax.

19. On or about July 16, 2015 Plaintiff also obtained a copy of his consumer report as published by Experian.

20. Both the Equifax and Experian reports contained erroneous information as provided by Carrington and published and reported by Equifax and Experian. Specifically, the Defendants reported that Plaintiff's mortgage with Carrington had a zero dollar ($0) balance, and that the debt was discharged in Plaintiff's bankruptcy.

21. The information described above was both false and misleading.

22. Carrington reported Plaintiff's mortgage balance and account status to two or more consumer reporting agencies in furtherance of Carrington's attempt to collect the mortgage debt.

23. In letters dated July 20, 2015, Plaintiff disputed the inaccurate and misleading information to Defendants Equifax and Carrington, and advised both Equifax and Carrington of the specific facts that rendered the reporting inaccurate and misleading.

24. In letters dated July 25, 2015, Plaintiff disputed the inaccurate and misleading information to Defendants Experian and Carrington, and advised both Experian and Carrington of the specific facts that rendered the reporting inaccurate and misleading.

25. Upon information and belief, Defendant Equifax and Defendant Experian timely notified Defendant Carrington of the Plaintiff's dispute as required by 11 U.S.C. § 1681i.

26. In a document dated August 26, 2015, Defendant Equifax advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Defendant Equifax provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in his original dispute letter. A true and correct copy of the relevant pages of this document is attached as "Exhibit A."

27. There is no indication in the tradeline of the Equifax "verified" reinvestigation report that the Plaintiff has disputed the information as reported and published by Defendants Carrington and Equifax.

28. In a document dated August 10, 2015, Defendant Experian advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Defendant Experian provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in his original dispute

letter. A true and correct copy of the relevant pages of this document is attached as "Exhibit B."

29. There is no indication in the tradeline of the Experian "verified" reinvestigation report that the Plaintiff has disputed the information as reported and published by Defendants Carrington and Experian.

30. Despite having actual notice of specific facts that rendered the information in Plaintiff's consumer reports false and misleading, Defendants re-reported the false and misleading information.

31. There is no indication on either the Equifax reinvestigation report or the Experian reinvestigation report that Carrington reported that the account/debt was disputed by the Plaintiff as required by 15 U.S.C § 1681s-2(a)(3).

32. Defendant Carrington is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they furnish information for use in consumer reports.

33. Defendant Equifax is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports from information in their database.

34. Defendant Experian is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports from information in their database.

35. Defendants Equifax and Experian were required to communicate the specifics of Plaintiff's dispute to Defendant Carrington, in accordance with the requirements of 15 U.S.C. § 1681i.

36. Each and all of the Defendants had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the trade-line information notwithstanding the information it received from a co-defendant.

37. Each and all of the Defendants, independently and jointly, breached their duties as described above.

38. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that Plaintiff's mortgage with Carrington had a zero dollar ($0) balance, and that the debt was discharged in Plaintiff's bankruptcy, was not appropriately deleted or modified.

39. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

40. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation, the failure of Plaintiff's credit reports and/or scores to accurately account for Plaintiff's regular and timely mortgage payments, suppression of Plaintiff's credit scores, inability to refinance Plaintiff's mortgage with another mortgagee and/or at a better rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to Plaintiff's credit ratings, and emotional distress.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Equifax, Experian)

42. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

43. Defendants Equifax and Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' consumer reports.

44. Defendants Equifax and Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to

conduct a reasonable reinvestigation of Plaintiffs' disputes and by failing thereafter to appropriately delete or modify information in Plaintiffs' files.

45. As a result of Equifax's and Experian's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation, the failure of Plaintiff's credit reports and/or scores to accurately account for Plaintiff's regular and timely mortgage payments, suppression of Plaintiff's credit scores, inability to refinance Plaintiff's mortgage with another mortgagee and/or at a better rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to Plaintiff's credit ratings, and emotional distress.  Plaintiffs are therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

46. Equifax's and Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

47. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax and Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT II

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
15 U.S.C. § 1681s-2(b)
(Carrington)**

48. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

49. Defendant Carrington willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

50. As a result of Carrington's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation, the failure of Plaintiff's credit reports and/or scores to accurately account for Plaintiff's regular and timely mortgage payments, suppression of Plaintiff's credit scores, inability to refinance Plaintiff's mortgage with another mortgagee and/or at a better rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to Plaintiff's credit ratings, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

51. Defendant Carrington's actions and omissions were willful, rendering it liable for punitive damages, and actual or statutory damages pursuant to 15 U.S.C. § 1681n.

52. Plaintiff is entitled to recover costs and attorney's fees from Defendant Carrington pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
(Franklin)

53. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

54. Defendant Carrington's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

55. As a result of Carrington's violations of the FDCPA, Plaintiff has suffered actual damages, including without limitation, the failure of Plaintiff's credit reports and/or scores to accurately account for Plaintiff's regular and timely mortgage payments, suppression of Plaintiff's credit scores, inability to refinance Plaintiff's mortgage with another mortgagee and/or at a better rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to Plaintiff's credit ratings, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

56. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Carrington $1,000 in statutory damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against Carrington pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against Carrington pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 18th day of September, 2015.

                                    */s/ Paul J. Sieg*
                                    Plaintiff's Attorney
                                    Paul J. Sieg, Bar No.: 334182
                                    Berry & Associates
                                    2751 Buford Highway, Suite 600
                                    Atlanta, GA 30324
                                    Ph. (404) 235-3334
                                    Fax (404) 235-3333
                                    psieg@mattberry.com