## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANTHONY DEAN BUTLER,

     Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC;
and CARRINGTON MORTGAGE
SERVICES, LLC,

     Defendants.

No. 1:15-cv-03294-WSD-RGV

## CARRINGTON MORTGAGE SERVICES, LLC'S REPLY TO
## PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS

COMES NOW, Carrington Mortgage Services, LLC ("Carrington"), and files this Reply to Plaintiff's Response to its Motion to Dismiss [Doc. 18], respectfully showing this Honorable Court as follows:

## INTRODUCTION

This case centers on whether the purported errors in the credit reports referenced by the Plaintiff amount to violations of the Fair Credit Reporting Act (the "FCRA") and the Fair Debt Collection Practices Act (the "FDCPA") by Carrington. The Plaintiff contends that Carrington violated both the FCRA and the

1

FDCPA, and is therefore entitled to actual, statutory, and punitive damages, as well as reasonable attorney's fees and costs. However, the Plaintiff continues to ignore the basic elements of sufficiently-plead claims under both statutes.

Carrington filed its Motion to Dismiss the Plaintiff's woefully deficient Complaint on November 18, 2015. [Doc. 7]. The Plaintiff filed his Response on January 7, 2016, [Doc. 18], attempting to save his claims by clinging to case law related to Fed. R. Civ. P. 8 and a series of conclusory allegations which he insists this Court must accept as true. However, the Plaintiff simply has not asserted the factual allegations necessary to support either of his claims against Carrington, and as such, he has failed to state a claim upon which relief can be granted.

## ARGUMENT AND CITATION OF AUTHORITY

### A.   STANDARD OF REVIEW

The Plaintiff first responds to Carrington's Motion to Dismiss by attempting to set forth a standard of review for the Motion to Dismiss based exclusively on Fed. R. Civ. P. 8. The Plaintiff cites *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) for the proposition that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See* [Doc. 18], p. 4. However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [cit.] a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (internal citation omitted).

> [S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value. So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.

*Id.* at 557-58 (internal quotations and citations omitted).

What the Plaintiff fails to recognize in his Response is that, while this Court "must accept as true all of the ***factual*** allegations contained in the complaint," *see Erickson*, 551 U.S. at 94 (emphasis added), that same assumption does not extend to the plethora of conclusory allegations set forth by the Plaintiff. A bare allegation without factual support is not enough to give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *see id.* at 93, and therefore Plaintiff cannot succeed on his claims against Carrington based on such conclusory statements alone.

3

**B.     THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FAIR CREDIT REPORTING ACT**

In its Motion to Dismiss, Carrington pointed out that the Plaintiff premised his FCRA claim on a conclusory statement and a recital of statutory language, with a threadbare recital of damages that failed to show how Carrington's actions actually caused the Plaintiffs damages. *See* [Doc. 7-1], p. 9. The Plaintiff argues that "[t]he notice from the CRAs, as alleged by Plaintiff, triggered Defendant's duty to investigate the disputed debt." *See* [Doc. 18], p. 6. However, even assuming, *arguendo*, that Carrington received any such "notice," the Plaintiff has failed to allege the necessary facts to show that Carrington violated any duties owed under the FCRA, either willfully or negligently.

The Eleventh Circuit has held that in order to show a willful or negligent failure to comply with the FCRA, a plaintiff must allege *facts* showing such non-compliance. *Rush v. Macy's New York, Inc.*, 775 F.2d 1554 (11th Cir. 1985). In the case at hand, the Plaintiff has alleged absolutely no facts that show Carrington willfully or negligently failed to comply with the FCRA, but only made the bare allegation that "Carrington willfully and/or negligently violated 15 U.S.C. § 1681s-2(b)," *see* [Doc. 1], ¶ 49. The only other support of his FCRA claims is similarly factually deficient. Because "'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of the plaintiff's

allegations," *Horton v. HSBC Bank*, No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *5 (N.D. Ga. June 5, 2013) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005)), the Plaintiff has not adequately pleaded a claim for either a willful or negligent violation of the FCRA, and his claim is due to be dismissed.

Moreover, despite the Plaintiff's assertion that he "has adequately plead a number of bases for awarding actual damages," *see* [Doc. 18], p. 9, it is axiomatic that, because the Plaintiff did not plead the threshold facts necessary to uphold a viable claim under the FCRA against Carrington, Carrington cannot be liable for damages thereunder. Carrington has not "misconstrue[d] *Twombly*," *see* [Doc. 18], p. 9, which clearly provides that "something beyond the mere possibility of loss causation must be alleged" in order to survive a Rule 12(b)(6) motion. *See* 550 U.S. at 557.

The Plaintiff's allegations in the Complaint as related to damages under the FCRA are as follows:

> Plaintiff has suffered actual damages, including without limitation, the failure of Plaintiff's credit reports and/or scores to accurately account for Plaintiff's regular and timely mortgage payments, suppression of Plaintiff's credit scores, inability to refinance Plaintiff's mortgage with another mortgagee and/or at a better rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to Plaintiff's credit ratings, and emotional distress.

*See* [Doc. 1], ¶ 50.

This laundry list is the exact type of "threadbare recitals" that *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) and the rest of *Twombly*'s progeny exclude from "the tenet that a court must accept a complaint's allegations as true." 556 U.S. at 663. Furthermore, the Plaintiff's counsel has set forth nearly this same exact list of untailored, non-specific, allegations into at least seven other Complaints filed in this Court in 2015 alone. *See, e.g., Davis v. Equifax Info. Serv., LLC*, No. 1:15-cv-02479-CC (N.D. Ga.) at [Doc. 1], ¶ 34; *Mize v. Trans Union, LLC*, No. 3:15-cv-00133-TCB (N.D. Ga.) at [Doc. 1], ¶ 40; *McGregor v. Equifax Info. Serv., LLC*, No. 1:15-cv-03684-MHC-JFK (N.D. Ga.) at [Doc. 1], ¶ 50; *Arnold v. Medical Data Sys., Inc.*, No. 3:15-cv-00104-TCB (N.D. Ga.) at [Doc. 1], ¶ 28; *Foster v. Equifax Info. Serv., LLC*, No. 1:15-cv-02514-MHC (N.D. Ga.) at [Doc. 1], ¶ 41; *Raglin v. PDQ Serv., Inc.*, No. 1:15-cv-04302-CAP-JSA (N.D. Ga.) at [Doc 1], ¶ 34; *McGruden v. Online Info. Serv., Inc.*, No. 3:15-cv-00083-TCB (N.D. Ga.) at [Doc. 1], ¶ 21.

The Plaintiff cannot argue that this vague list of generalized, conclusory, statements are adequate bases to show how Carrington, the defendant in *this case*, has damaged the Plaintiff in *this case*, when the same "one-size-fits-all" allegations apparently apply to so many plaintiffs represented by the same counsel. Without

6

articulating facts from *this case* that are sufficient to plead a claim for relief, the Plaintiff cannot recover any damages under the FCRA.

## C. THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

In defense of his claim under the FDCPA, the Plaintiff states that "Defendant's reporting activity falls squarely within the definition of debt collection, just as its post-default servicing of Plaintiff's debt makes it a debt collector." *See* [Doc. 18], p. 10. However, the Plaintiff's conclusory statements in the Complaint that Carrington violated the FDCPA and the Plaintiff is therefore entitled to damages were not sufficient to plead a claim, and his arguments in the Response are similarly unpersuasive.

### 1. *The Plaintiff has failed to allege that Carrington was engaged in debt collection activity*

The initial argument raised in Carrington's Motion to Dismiss is that the actions complained of – reporting a debt as discharged when it was not discharged – is not a "collection activity" that could ever subject Carrington to liability under the FDCPA. In support of this argument, Carrington noted that another district court held that reporting a debt to credit bureaus is not a "collection activity" and that "the Court can find no authority for this apparently novel proposition." *Breed*

*v. Nationwide Ins. Co.*, No. 3:05CV-547-H, 2007 WL 1408212, at *1 (W.D. Ky. May 8, 2007).

In response, the Plaintiff attempts to show that credit reporting is "collection activity" by citing to *Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274 (S.D. Ala. 2010). This case, however, does not stand for the proposition that the Plaintiff would like it to. In *Quale*, the plaintiff sent a debt validation request to a creditor pursuant to 15 U.S.C. § 1692g(b). *Id.* at 1277. Under § 1692g(b),

> [i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

After the plaintiff in *Quale* disputed the debt under this section, the defendant "reported [the debt] to Experian and Innovis without notifying the agencies that the debt was disputed." *Id.* at 1278. In finding that the credit reporting at issue was a "collection activity," the Southern District of Alabama relied upon a Sixth Circuit case, which found "that the reporting of a disputed debt to a credit bureau without verification of the debt may constitution 'collection activity' in violation of § 1692g." *Id.* (citing *Purnell v. Arrow Fin. Servs., LLC*,

303 F. App'x 297, 304 n.5 (6th Cir. 2008)). Notably, the cited footnote from *Purnell* states that "[w]e assume without deciding that the reporting of the debt to Equifax constitutes a 'collection activity.'"

However, the fact remains that *Quale*, *Purnell*, and every other case relied upon in *Quale* involved a situation where the debt was reported after a dispute was received under § 1692g. The Court in *Quale* was careful to note that at least two other district courts found that credit reporting, *in the absence of a timely § 1692g dispute*, is not collection activity. *Id.* at 1279 (citing *Breed*, 2007 WL 1408212, at *1; *Jackson v. Genesys Credit Mgmt.*, No. 06-61500-CIV, 2007 WL 2113626, at *3 (S.D. Fla. July 23, 2007)). Because those cases did not involve such a dispute, they were of little use to the court.

Here, too, the Plaintiff has not alleged that he sent a § 1692g – timely or untimely – to Carrington. Thus, *Quale* is inapplicable to the facts before this Court. Although the Plaintiff also cited to a case from this Court, *Smith v. Nat'l Credit Sys., Inc.*, No. 1:13-cv-4219-WSD-WEJ, which did find that credit reporting, absent a § 1692g dispute, qualifies as collection activity. However, the cited Report and Recommendation was on a Magistrate Judge's frivolity review pursuant to 28 U.S.C. § 1915(e)(2), and the Court was therefore not provided with the benefit of briefing from the parties. Because the cases cited by the Plaintiff are inapposite to

9

the facts before this Court, they should not be followed, and instead, this Court should come to the same conclusion as in *Breed* and *Jackson*, and find that the Plaintiff has failed to show that he has been the subject of "collection activity" under the FDCPA.

### 2. *The Plaintiff has failed to allege that Carrington is a debt collector*

In addition to arguing that the Plaintiff failed to show that he was the subject of "collection activities," Carrington argued that the Plaintiff failed to plead sufficient facts to show that Carrington qualifies as a "debt collector" under the FDCPA. As stated in the Motion to Dismiss, Mr. Butler has only provided one conclusory allegation regarding Carrington's status as a debt collector:

> 11.   Carrington uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

[Doc. 1], ¶ 11.

In response, the Plaintiff states that Carrington "conveniently ignores Plaintiff's statement that 'Carrington obtained the servicing rights to Plaintiff's mortgage subsequent to Plaintiff materially defaulting on the mortgage.'" [Doc. 18], p. 12. As such, the Plaintiff argues that Carrington is a debt collector under 15 U.S.C. § 1692a(6)(F)(iii), which provides that a person who would otherwise be

considered a debt collector, is excepted from the FDCPA's definition of debt collector if it is attempting to collect "a debt which was not in default at the time it was obtained by such person." Arguing in the negative, the Plaintiff asserts that Carrington must be a "debt collector" because the loan was in default when it began servicing the loan.

However, this is nothing more than an exception to the general definition of a "debt collector" in § 1692a. Before the exception ever becomes applicable, a party must be a "debt collector" under § 1692a, because "§ 1692a(6)(F)'s exclusions do not obviate the substantive requirements of § 1692a(6)'s definition." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1314 (11th Cir. 2015). Thus, the Plaintiff cannot save his claim by alleging the default status of the debt because he never satisfied the initial requirement of pleading facts that show Carrington otherwise qualifies as a "debt collector" under § 1692a(6).

## CONCLUSION

Based on the foregoing, Carrington respectfully renews its request that this Court grant its Motion to Dismiss.

Respectfully submitted this 20th day of January, 2016.

                          */s/ Bret J. Chaness*
                          BRET J. CHANESS (GA Bar No. 720572)
                          **RUBIN LUBLIN, LLC**
                          3740 Davinci Court, Suite 150
                          Peachtree Corners, Georgia 30092
                          (678) 281-2730 (Telephone)
                          (404) 921-9016 (Facsimile)
                          bchaness@rubinlublin.com
                          *Attorney for Carrington Mortgage Services, LLC*

## <u>FONT CERTIFICATION</u>

The undersigned counsel for Carrington hereby certify that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 20th day of January, 2016.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 20th day of January, 2016, filed the foregoing by CM/ECF, which will serve notice of the same on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)